THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK MONARCH, Appellant.

Second Department, November 12, 1920.

Crimes — assault, third degree — ejection of passenger from street car for refusing to pay additional fare — guilt of conductor depends upon rights of railroad company — evidence — refusal to allow collateral attack on order of Public Service Commission fixing rate of fare made under section 48 of statute — powers of Commission.

In a criminal prosecution for assault in the third degree based upon the fact that the defendant, a street car conductor, expelled the complaining witness from his car because, having paid one fare, he refused to pay another after riding a certain distance, the guilt of the defendant depends upon the question as to whether the railroad company had the right to collect the additional fare.

A conviction, although proper under the evidence received, will be reversed for error in refusing to receive evidence that the railroad company had a right under its franchise to charge the additional fare for the refusal to pay which the complainant was expelled from the car.

An order that the railroad company refrain from collecting more than a single fare, made by the Public Service Commission of its own motion

under section 48 of the Public Service Commissions Law, was unauthorized and beyond the jurisdiction of the Commission, and hence such order is open to collateral attack in the criminal action aforesaid, and it was error for the court to exclude evidence of the railroad company's right to charge two fares under its franchise.

Under section 48 of the Public Service Commissions Law there is no authority for an order when the investigation is not for the purpose of redressing a grievance complained of but is made on the motion of the Commission in the interest of the public at large.

*It seems,* that even in proceedings under section 49 of the Public Service Commissions Law, the Commission was without jurisdiction to make the order aforesaid.

RICH, J., dissents.

APPEAL by the defendant, Frank Monarch, from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, County of Kings, entered in the office of the clerk of said court on the 2d day of January, 1920, convicting the defendant of the crime of assault in the third degree, and also from an order denying defendant's motion in arrest of judgment.

The defendant, an employee of the Brooklyn City Railroad Company, was tried and found guilty by the Court of Special Sessions upon an information charging him with the crime of assault in the third degree, committed in ejecting Allyn S. Crumm from a street car of the said railroad company. Crumm was expelled from the car because, having paid a fare of five cents on entering, he refused the demand for another fare on passing the line that originally separated the town of Flatbush from the city of Brooklyn. The defendant attempted to justify his act by offering evidence that the railroad company was entitled, under its agreement with the city of Brooklyn and the town of Flatbush before consolidation, to charge the additional fare, and, therefore, that the expulsion of Crumm by force was a legal act. The evidence was rejected by the court, one justice dissenting, because at variance with an order of the Public Service Commission directing the Brooklyn City Railroad Company to charge and collect not more than a single fare of five cents from any passenger for a continuous ride from any point on its Flatbush avenue line to any other point thereon within the limits of the city of New York.

*William N. Dykman* [*D. A. Marsh* with him on the brief], for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney* [*Harry E. Lewis, District Attorney*, with him on the brief], for the respondent.

BLACKMAR, J.:

Whether an assault was committed depends on the question whether the railroad company had the right to collect the additional five-cent fare. If it had, an assault was not committed. (Penal Law, § 246; Railroad Law, § 61.) On the facts proved the conviction was not erroneous; but capital error was committed in refusing to receive evidence offered to show that the railroad company had a right under its franchise to charge the fare for the refusal to pay which the complainant was expelled from the car. The relevancy of such evidence is established by the decision of the Appellate Division of the First Department in *People ex rel. Brooklyn City R. R. Co.* v. *Nixon* (193 App. Div. 746). The evidence was rejected on the theory that an order of the Public Service Commission directing that "the Brooklyn City Railroad Company forthwith comply with the law by charging and collecting not more than a single fare of five (5) cents from any passenger for one continuous ride from any point on its Flatbush Avenue Line to any other point thereon within the limits of the City of New York" was conclusive, not open to collateral attack, and, therefore, that evidence of franchise right to charge more could not be received. The order of the Public Service Commission has been nullified by the decision of the Appellate Division in the certiorari proceeding above cited, but such decision does not touch the question of the validity of the order pending the proceeding.

The question, therefore, turns upon the validity of the order before it was nullified by the court. The district attorney in his brief states the problem with entire accuracy. He says: "It becomes necessary at the outset to determine whether the Commission had jurisdiction to make the order or not, for if it had no jurisdiction, the order is void, whereas, if it had jurisdiction, it is, at the worst, merely voidable. If the order is void, then, of course, it may be attacked in any proceeding

by any person interested (*Ex parte Siebold,* 100 U. S. 371); but if it is voidable merely, if it is promulgated by a body having jurisdiction, it must be accorded the respect commanded by the statute, even though it be erroneous (*McCarthy v. Marsh,* 5 N. Y. 263)." I think the order was without jurisdiction. The proceedings in which the order was entered were begun on the motion of the Commission under section 48 of the Public Service Commissions Law, and so the district attorney concedes. Section 48 is entitled " Investigations by Commission." The 1st subdivision reads: " 1. Each Commission may, of its own motion, investigate or make inquiry, in a manner to be determined by it, as to any act or thing done or omitted to be done by any common carrier, railroad corporation or street railroad corporation, subject to its supervision, and the Commission must make such inquiry in regard to any act or thing done or omitted to be done by any such common carrier, railroad corporation or street railroad corporation in violation of any provision of law or in violation of any order of the Commission." The 2d subdivision provides for an investigation upon a petition made by a person or corporation aggrieved; requires notice to be served on the common carrier, railroad corporation or street railroad corporation; which may be accompanied by an order that the matter complained of be satisfied or that answer be made. It further provides that if the charges contained in the petition be not satisfied the Commission shall, if reasonable grounds appear, " investigate such charges * * * and take such action within its powers as the facts justify." It will be noted that in the 1st subdivision, where the investigation is ordered on motion of the Commission, no notice to the carrier is required, but the investigation may proceed *ex parte,* and no order by the Commission is expressly authorized. The 3d subdivision authorizes an order, but only when the investigation is on the complaint of a person or corporation aggrieved.

Under section 48 there is no authority for an order when the investigation is not for the purpose of redressing a grievance complained of, but is made on the motion of the Commission in the interest of the public at large. The investigation on the motion of the Commission is like a legislative investigation for the purpose of ascertaining facts. If it be developed in

the investigation that the carrier has done or omitted any act in violation of law or in violation of any order of the Commission, the remedy is for the Commission to seek redress in the courts by summary proceedings under section 57, in which proceeding such violation or threatened violation may be stopped or prevented either by mandamus or injunction.

Within a certain field the Commission may act upon its own motion and make an order defining the duties of the carrier to the public at large. This power is conferred by section 49, entitled, " Rates and service to be fixed by the Commission." This section is not applicable to the determination of a question of law such as is presented in this case; but to the question of the reasonableness of fares and service. The law requires that rates and service be reasonable. The Public Service Commissions Law commits to the Commission the administrative power to determine, after investigation, the measure of this obligation, and it may proceed either on its own motion or on complaint by others. This involves, among other things, when it is a question of fares, an inquiry as to the " reasonable average return upon the value of the property actually used in the public service and to the necessity of making reservation out of income for surplus and contingencies." No such investigation was made by the Commission in this case.

The proceeding and order in this case were not in the exercise of power granted by section 49, but the Commission assumed upon its own motion to decide a question of law as to the franchise rights and duties of the street railroad company and to make an order in accordance with its decision. This it had no power to do and the order was consequently without jurisdiction.

Even in proceedings under section 49, the Public Service Commission is without jurisdiction " to abrogate conditions in respect of fares, contained in franchise agreements between municipalities and railroads, when the agreements were already in existence at the adoption of the statute." (*Matter of City of Niagara Falls* v. *Public Service Comm.*, 229 N. Y. 333; *Matter of Quinby* v. *Public Service Comm.*, 223 id. 244), and the franchises of the Brooklyn City Railroad Company antedated the adoption of the Public Service Commissions Law.

If I am right in this analysis of the statute, the order of the

Commission was without jurisdiction and the evidence of the franchise right of defendant's employer to collect the additional fare should have been received.

I recommend: Judgment reversed and new trial ordered, with a recital in the order of reversal that we have examined the facts and found no error therein.

JENKS, P. J., PUTNAM and KELLY, JJ., concur; RICH, J., dissents upon the ground that the decision of the Public Service Commission was not open to collateral attack, and that the franchises were properly excluded.

Judgment of conviction of the Court of Special Sessions reversed and new trial ordered.